RECORD IMPOUNDED

 NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-0757-15T1

MYEONG H. CHOI,

 Plaintiff-Appellant,

v.

JAMES JIN CHOI,

 Defendant-Respondent.
______________________________________________

 Submitted March 28, 2017 – Decided May 12, 2017

 Before Judges Espinosa and Grall.

 On appeal from the Superior Court of New
 Jersey, Chancery Division, Family Part,
 Bergen County, Docket No. FM-02-0874-15.

 Kimm Law Firm, attorneys for appellant
 (Michael S. Kimm and Adam Garcia, on the
 briefs).

 Joonil Kim Lee, attorney for respondent.

PER CURIAM

 Plaintiff Myeong H. Choi appeals from an order entered on

September 4, 2015 in an action for divorce. The order denies

plaintiff's motion to enforce an order entered on March 25,

2015. For reasons that follow, we reverse and remand.
 A discussion of the pertinent procedural history provides

essential background. Plaintiff filed her complaint in October

2014 and eighteen days later filed a motion for pendente lite

relief. Defendant filed an answer and counterclaim on October

31, 2014. The judge denied the plaintiff's motion without

prejudice in December 2014 and a subsequent motion for

reconsideration in January 2015.

 Plaintiff sought leave to appeal on February 17, 2015,

which we denied on April 9, 2015, following a remand for and

receipt of the judge's statement of reasons. On March 25, 2015,

following a case management conference, the judge issued the

order plaintiff sought to enforce.

 The single paragraph of the March 25 order, entered by the

same judge with the parties' consent, provides:

 [T]he Parties' respective pleadings are
 dismissed; Parties are to attend mediation
 to binding arbitration with [a designated
 retired judge]. Defendant shall be
 responsible for all costs of mediation and
 arbitration, subject to final allocation.
 [(Emphasis added).]

 The matter proceeded before the arbitrator, who entered a

case management order on June 17, 2015, that includes a

provision requiring "each party to deposit $5000 to be applied

toward Arbitrator hearing fees." The provision sparked

plaintiff's motion to enforce the provision of the judge's March

 2 A-0757-15T1
25, 2015 order requiring defendant to pay all costs subject to

final allocation.

 On September 4, 2015, the judge entered the order denying

enforcement of his March 25, 2015 order. The judge provided

this brief statement of reasons: "[m]atter has been dismissed

by [o]rder of March 25, 2015. Application must be made to the

arbitrator."1

 Plaintiff filed her notice of appeal from the September 4

order denying enforcement and the requisite supporting case

information statement, on October 16, 2015. Before the notice

of appeal was filed, the arbitrator withdrew. He memorialized

and explained his withdrawal in an order dated September 14,

2015.2

 In part most pertinent here, the arbitrator stated:

 Withdrawal of Arbitrator. Since neither party
 has the financial ability to pay Arbitrator's
 fees, I hereby withdraw as Arbitrator. If the
 parties cannot agree upon the selection of a
 replacement Arbitrator and pay his or her
 fees, this matter should be restored by the
 Court to the divorce FM calendar of the Bergen

1 This statement quoted is inconsistent with the statement the
judge made on March 25, 2015, indicating that the parties could
return to court to enforce the March 25 order.

2 Although not mentioned in the notice of appeal, the case
information statement advises that the arbitrator withdrew "due
to the parties' financial inability to pay Arbitrator's Fees."
"Exhibit D" of the case information statement is the
arbitrator's order of September 14, 2015.

 3 A-0757-15T1
 County Chancery Division Family Part. Copies
 of the Arbitrator's Case Management Orders are
 attached hereto.

 It is not clear whether the parties brought the September

14 order to the attention of the Family Part, but nothing in the

papers submitted on appeal suggests that the order was brought

to the attention of the judge.

 The posture of this case requires a remand to permit the

judge to reinstate the parties' pleadings, consider the

arbitrator's order and decision of September 14, 2015, and take

appropriate action in light of the arbitrator's withdrawal. At

present, the parties have been left without a forum for

litigating their divorce in the first instance, which this court

cannot provide.

 Reversed and remanded.

 4 A-0757-15T1